IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARTHUR DONALD DARBY, JR.            *
              Plaintiff,
      v.                            *      CIVIL ACTION NO. ELH-15-975

CITY OF BALTIMORE, et al.           *
STEPHANIE C. RAWLINGS-BLAKE
              Defendants.           *
                                    *****

MEMORANDUM

On May 4, 2015, the court received for filing the above captioned self-represented action for

damages and other miscellaneous relief filed by Arthur Donald Darby, Jr., a resident of Fayettville,

North Carolina.   ECF 1.   The complaint, which seemingly invokes this court's diversity and federal

question jurisdiction under 28 U.S.C. §§ 1331 & 1332, fails to set out a statement of facts.   Rather,

it is replete with legal phrases and conclusions taking issue with the decision to impose a 10:00 p.m.

curfew in Baltimore, Maryland for the time period from April 28, 2015, to May 3, 2015.   Darby

makes the following bald assertions, ECF 1 at 2:

> Fourteen[th] Amendment- Rights guaranteed privileges and immunities of
> citizenship.  Due process and equal protection- civil rights violation in the cause of
> police power defined and limited- Protest of a man name: Freddie Gray case; Police
> and Mayor set standards to go home a[t] 10:00 p.m.  In the human right to have a
> shelter define a person who has been earned or issued a living standards qualifying
> that person(s) to live and maintain or occupy the area of residents.  Therefore, whom
> has no home or other are forced to live outside, related cases from U.S. Courts
> DARBY v.. (all have been filed ) on line and the State of North Carolina v.
> ARTHUR DONALD DARBY, JR. set forth in any court or district of the United
> States or higher or lower courts. Page 1. Complaint Baltimore City Council File
> #→L-015-0129 in committee title only set for minors within how the people adults
> are mistreated, abused/prior.

Because Darby is proceeding as a self-represented litigant, the court must liberally construe

his complaint allegations.  *See, e.g., Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  This court,

however, is not required to conjure up questions never squarely presented to it.  *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985).  Moreover, a federal court does not act as an advocate for a self-represented claimant.  *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Further, a pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks.  *See* Fed. R. Civ. P. 8(a).  Although pleadings filed by self-represented litigants must be "liberally construed" and "held to less stringent standards than those by lawyers," *Erickson v. Pardus*, 551 U.S. at 94, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Although Darby is familiar with the federal court filing process,[1] he has not submitted the required filing fee or an in forma pauperis motion in lieu thereof.  Moreover, the complaint was not accompanied by a civil cover sheet or summons.  He shall not, however, be required to cure these

---

[1] Darby's complaint acknowledges that he has previously filed lawsuits in other federal courts. Indeed, the Public Access to Court Electronic Records ("PACER") docket reveals that he has filed several complaints in other federal districts.  *See Darby v. Perry*, Civil Action No. JAB-13-185 (M.D. N.C.); *Darby v. Mixon*, Civil Action No. JAB-14-234 (M.D. N.C.); *Darby v. Federal Bureau of Investigation, Civil Action* No. IMK-14-201 (N.D. W.V.); *Darby v. Williams*, Civil Action No. JAB-14-243 (M.D. N.C.); *Darby v. Americas, et al.*, Civil Action No. JAB-14-244 (M.D. N.C.); *Darby v. United States Department of Transportation, et al.*, Civil Action No. JAB-14-245 (M.D. N.C.); and *Darby v. N.C. Department of Public Safety, et al.*, Civil Action No. JAB-14-281 (M.D. N.C.).

technical deficiencies.

To the extent that Darby, a North Carolina resident, has issues with the recent curfew imposed in Baltimore during the state of emergency, he has failed to demonstrate his standing to file suit.  Absent standing, a party cannot invoke a court's jurisdiction. *See, e.g., Allen v. Wright,* 468 U.S. 737, 750–51 (1984); *Southern Walk at Broadlands Homeowner's Assoc. Inc. v. Openband at Broadlands, LLC*, 713 F.3d 175, 85 (4th Cir. 2013).  A plaintiff seeking to invoke the jurisdiction of a federal court must establish standing. The doctrine of standing consists of two distinct "strands": constitutional standing pursuant to Article III and prudential standing. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). The requirements for constitutional standing reflect that Article III "confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984*); see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1993) ("[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III[.]"). To establish Article III standing, a plaintiff must demonstrate that:

> (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Doe v. Obama*, 631 F.3d 157, 160 (4th Cir. 2011) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

In addition to satisfying constitutional standing requirements, a plaintiff must also demonstrate that his claims are not barred by prudential limitations on a federal court's exercise of jurisdiction.  *See Doe v. Sebelius*, 676 F.Supp.2d 423, 428 (D. Md. 2009) (citing *Elk Grove Unified Sch. Distr.*, 542 U.S. at 12). In contrast to Article III standing, prudential standing "'embodies

judicially self-imposed limits on the exercise of federal jurisdiction.'" *Elk Grove Unified Sch. Distr.*, 542 U.S. at 11.  One such limitation is that "a plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  This limitation serves to "preclude a court from deciding 'questions of broad social import in cases in which no individual rights will be vindicated'" and to ensure that "'access to the federal courts [is] limited to those litigants best suited to assert the claims.'" *Buchanan v. Consolidated Stores Corp*., 125 F.Supp.2d 730, 738 (D. Md. 2001) (quoting *Mackey v. Nationwide Ins. Cos*., 724 F.2d 419, 422 (4th Cir. 1984)).

Darby has not satisfied any of the requirements to demonstrate standing. There are simply no concrete facts alleged to show any injury to him directly related to the imposed 10:00 p.m. curfew. [2]

For the foregoing reasons the complaint shall be dismissed, without prejudice.  A separate Order follows.

Date: May 7, 2015                    _____/s/_____
                                     Ellen L. Hollander
                                     United States District Judge

---

[2] Because standing is a threshold jurisdictional question, and "[w]ithout jurisdiction the court cannot proceed at all in any cause," *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) (internal quotation marks omitted), the court would normally be precluded from proceeding further with any other potential grounds for dismissal.